IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00292-GPG

CHRIS TILLOTSON,

      Applicant,

v.

RON HALE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Chris Tillotson, is confined at the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Tillotson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3).  The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action will be denied as moot because Mr. Tillotson paid the $5.00 filing fee for this habeas corpus action.

The court must construe the application liberally because Mr. Tillotson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, Mr. Tillotson will be ordered to file an amended application if he wishes to pursue his claims in this action.

The application is deficient because Mr. Tillotson fails to provide a clear statement of the claims he is asserting.  Mr. Tillotson alleges he is challenging the validity of his conviction for assault on a police officer in Arapahoe County District Court case number 03CR1023.  Mr. Tillotson apparently claims he should not have been convicted because he was subjected to excessive force when Officer Mike Hawkins shot him in the back while he was surrendering and that he wrongfully was imprisoned for three years for a crime he did not commit.  As relief he asks that the conviction be vacated and that he be awarded damages for pain and suffering and wrongful imprisonment.

The court notes initially that Mr. Tillotson may not pursue any claims for damages in this habeas corpus action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If Mr. Tillotson wishes to pursue any claims for damages, he must do so in a separate civil rights action.

Mr. Tillotson also may not pursue any claims seeking to overturn the validity of his conviction unless he clarifies what those claims are and provides specific factual allegations that demonstrate his federal constitutional rights have been violated. Habeas corpus relief is warranted only if Mr. Tillotson "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Tillotson must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual

2

allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Furthermore, although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) is denied as moot.  It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Tillotson file an amended application that clarifies the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Tillotson shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Tillotson fails within the time allowed to file an

amended application that complies with this order, the action will be dismissed without further notice.

DATED March 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge