IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00292-GPG

CHRIS TILLOTSON,

    Applicant,

v.

RON HALE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Chris Tillotson, is confined in the Colorado Mental Health Institute at Pueblo, Colorado.  Mr. Tillotson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On March 11, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Tillotson to file an amended application that clarifies the federal constitutional claims he is asserting.  Magistrate Judge Gallagher advised Mr. Tillotson that he may not pursue claims for damages in a habeas corpus action and that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Magistrate Judge Gallagher also noted that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, *see Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam). On March 30, 2015, Mr. Tillotson filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6).

The Court must construe the amended application liberally because Mr. Tillotson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Tillotson states in the amended application that he is challenging the validity of his custody pursuant to an order of the Arapahoe County District Court in case number 07CR2358 finding him not guilty by reason of insanity. He apparently contends in his first claim that he is wrongfully imprisoned because he did not commit the crime charged. He contends in his second claim that he should be released from custody because he has been "at the State hospital for way to[o] long . . . and [is] doing well." (ECF No. 6 at 6.) As relief Mr. Tillotson seeks is to have the charges dismissed and to be released from custody.

The Court has reviewed the amended application and finds that Mr. Tillotson still fails to provide a clear statement of any federal constitutional claims. Mr. Tillotson does not identify either of his claims as a federal constitutional claim and he fails to allege specific facts in support of his claims that demonstrate his federal constitutional rights have been violated. Therefore, the action will be dismissed without prejudice for failure to assert a cognizable federal constitutional claim.

Furthermore, to the extent the amended application could be construed liberally as asserting a federal constitutional claim challenging the validity of Mr. Tillotson's

custody pertinent to Arapahoe County District Court case number 07CR2358, the Court lacks jurisdiction to consider the claim because Mr. Tillotson previously filed a habeas corpus action challenging the validity of that custody.  *See Tillotson v. May*, No. 14-cv-00751-LTB (D. Colo. July 7), *appeal dismissed*, No. 14-1282, 576 F. App'x 857 (10th Cir. Aug. 25, 2014).  Although Mr. Tillotson fails to mention the fact that he has filed a prior habeas corpus action challenging the validity of his custody pertinent to Arapahoe County District Court case number 07CR2358, the Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

The Court determined Mr. Tillotson's claims in case number 14-cv-00751-LTB were barred by the one-year limitation period and dismissed the action as untimely. Therefore, to the extent Mr. Tillotson is challenging the validity of the same custody, the amended application in this action is a second or successive application.  *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that "[t]he dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements.").

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Tillotson must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive claims.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.  An applicant seeking authorization to file a second

or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Tillotson does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the second or successive claims for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Tillotson fails to demonstrate that his second or successive claims are based on either a new rule of constitutional law or newly discovered evidence as required

pursuant to § 2244(b)(2).  Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Tillotson's second or successive claims would be time-barred if filed anew in the proper forum, it also appears that the claims would be time-barred even if Mr. Tillotson had sought proper authorization prior to filing in this Court. There also is no indication that the second or successive claims have any merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Tillotson's second or successive claims.  As a result, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice.  Instead, the second or successive claims also will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 6) is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the pending motions to proceed *in forma pauperis* in this action (ECF Nos. 3 & 5) are denied as moot because Applicant has paid the filing fee.

DATED at Denver, Colorado, this  17th  day of    April    , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court